UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 09-255ML |
| | : | |
| | : | |
| STATE OF RHODE ISLAND | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 09-256ML |
| | : | |
| MONIQUE LANDRY, individually and in | : | |
| her capacity as the Claim Representative | : | |
| of Progressive Insurance Company | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 09-257ML |
| | : | |
| STATE OF RHODE ISLAND | : | |

| | | |
|---|---|---|
| HAKEEM PELUMI | : | |
| | : | |
| v. | : | C.A. No. 09-258ML |
| | : | |
| DENISE G. GERSTMEYER, individually | : | |
| and in his capacity as Chief Operator | : | |
| Control Officers, State of Rhode Island | : | |
| Division of Motor Vehicles | : | |

HAKEEM PELUMI                          :
                                       :
        v.                             :        C.A. No. 09-259ML
                                       :
CITY OF WOONSOCKET                     :


## CONSOLIDATED REPORT AND RECOMMENDATION
## FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge


**Background**

        In March 2008, Plaintiff Hakeem Pelumi filed seven Complaints in this Court.  The Court

reviewed the Complaints as well as Plaintiff's request for pauper status, and recommended that each

of his seven Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  The District

Court adopted my Report and Recommendation over Objection, and Plaintiff appealed to the First

Circuit Court of Appeals.  On March 4, 2009, Plaintiff's appeal to the First Circuit was denied.

        On June 1, 2009, Plaintiff filed five new cases in this Court, along with an Application to

Proceed Without Prepayment of Fees in each case.   (Document No. 2 in each case).   The

Applications were referred to me for determination.  28 U.S.C. § 636; LR Cv 72.  After reviewing

Plaintiff's Applications signed under penalty of perjury, I conclude that Plaintiff is financially

unable to pay the fees and costs of the five civil cases and thus, Plaintiff's Applications to Proceed

Without Prepayment of Fees (Documents No. 2) are GRANTED.

        Having granted IFP status, I am required by statute to further review Plaintiff's Complaints

*sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss any that are "frivolous or malicious," "fail[]

to state a claim on which relief may be granted" or "seek[ ] monetary relief against a defendant who

is immune from such relief."  For the reasons discussed below, I recommend that all five of Plaintiff's Complaints be DISMISSED because they are "frivolous," and "fail[ ] to state a claim on which relief may be granted."  See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

The facts alleged in the present Complaints are not new.  Each of the five Complaints contains facts and claims that appear to be copied from one of Plaintiff's first seven Complaints.

1.    Pelumi v. State of Rhode Island, C.A. No. 09-255ML.  This case arises out of an automobile accident occurring in October 2006 on Broad Street in Providence.  Pelumi alleges that a Providence Police Officer filed a "racially discriminatingly false report with intent to cover up the accident as to exactly how and where the accident took place."  Document No. 1 at ¶ 10.  In his previous lawsuit, C.A. No. 08-85, Plaintiff alleged the same facts as presented in this case, and he claimed the Providence Police filed a false police report.  In his previous action, however, Plaintiff did not alleged racial bias by the Defendants.

2.    Pelumi v. Landry, C.A. No. 09-256ML.  This case also arises out of the 2006 Broad Street accident. In this Complaint, Plaintiff appears to restate facts alleged in C.A. No. 08-84ML, which include his claim that his insurer failed to properly investigate the accident and remedy his injuries.

3.    Pelumi v. State of Rhode Island, C.A. No. 09-257ML.  This case arises out of Pelumi's arrest in July 2007, by the Woonsocket Police, for disorderly conduct.  Pelumi alleges that Bail Commissioner Richard Finnegan stole money from him during a bail hearing.  The allegations in this Complaint mirror those contained in C.A. No. 08-105ML.  In the present case, however,

Plaintiff claims that Defendants "racially deprived Plaintiff of his rights...."  Document No. 1 at ¶ 9.  The charges of race discrimination were not set forth in his previous Complaint.

4.      <u>Pelumi v.Gerstmeyer</u>, C.A. No. 09-258ML.  Pelumi alleges that Gerstmeyer willfully or negligently failed to update Pelumi's driving record in March 2001 to reflect that his driving privileges were restored.  This allegedly resulted in Plaintiff being stopped by the Woonsocket Police, charged with driving after suspension and having his car towed away. The facts alleged in this case mirror those alleged in C.A. No. 08-86ML.  In the present case, however, Plaintiff claims that Gerstmeyer, "a white man, willfully, negligently and racially discriminated against the Plaintiff...."  Document No. 1 ¶ 10.

5.      <u>Pelumi v. State of Rhode Island</u>, C.A. No. 09-259ML.  This case arises out of an August 2006 dog bite.  Pelumi alleges that he was the victim of an unprovoked attack and bite by Michael and Marsha Houle's dog. Pelumi alleges that Michael and Marsha Houle "willfully, negligently and unlawfully racially discriminated lied on the Police report" filed in connection with the attack.  Document No. 1 ¶¶ 9, 10.  These same facts and allegations, except for the race component of the claims, were the basis of C.A. Nos. 08-106ML and 08-107ML.

**Standard of Review**

Section 1915 of Title 28 of the United States Code requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action filed *in forma pauperis* is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  <u>See</u> <u>Fridman v. City of N.Y.</u>, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears

-4-

to a certainty that the plaintiff would be unable to recover under any set of facts." <u>Roma Constr. Co. v. aRusso</u>, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, this Court has taken all of the allegations in Plaintiff's Amended Complaints as true and has drawn all reasonable inferences in his favor.  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant.  <u>See Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Amended Complaints, dismissal is required.

Each of the newly filed Complaints is barred by the doctrine of res judicata.  Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action." <u>Apparel Art Intern., Inc. v. Amertex Enterprises Ltd.</u>,48 F.3d 576, 583 (1st Cir. 1995).  Res judicata serves important policy purposes and provides a "strong incentive" for parties to "plead all factually related allegations and attendant legal theories for recovery the first time they bring suit." <u>Id.</u>  The doctrine serves important policy purposes such as relieving litigants of the "cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and by preventing inconsistent decisions, encourag[ing] reliance on adjudication." <u>Id.</u> quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).

A claim will be barred on res judicata grounds when a three-part test is met: first, there must be a final judgment on the merits in an earlier action; second, the causes of action in both the earlier and later suits must be sufficiently identical; and third, the parties to the two suits must be sufficiently identical. Id.  See also Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991).

The first part of the three -part test is satisfied, as a final judgment on the merits was entered in favor of the Defendants in the seven previous Complaints filed by Plaintiff.  Turning to the second prong in the test, the Court considers whether the earlier and later filed suits contain claims that are sufficiently identical.  The First Circuit Court of Appeals has held that the "transactional approach" defines a cause of action.  In other words, when "the facts form a common nucleus that is identifiable as a transaction or series of related transactions" then those facts constitute one cause of action.  Apparel Art, 48 F. 3d at 584.  Thus, in determining whether two causes of actions are distinct, a court must analyze whether the "party has advanced claims in multiple litigations which derive from the same nucleus of operative facts." Id.   The factors to be considered in this analysis include: "(1) whether the facts are related in time, space, origin or motivation; (2) whether the facts form a convenient trial unit; and (3) whether treating the facts as a unit conforms to the parties' expectations." Id.  As outlined in the Facts section above, the facts and allegations presented in the newly-filed suits are sufficiently identical to those presented in the first seven Complaints.  For example, each of the five, newly-filed Complaints contains identical factual averments as one of the previous seven Complaints.  Although there are minor changes in the facts and the claims presented, the predominant change from the first seven Complaints to the present five Complaints is that Plaintiff changed his allegations to include his new theory that he was the subject of racial

discrimination. This minor change does not alter the Court's analysis, since this is a claim that could have been raised in the earlier actions.  See <u>Allen</u>, 449 U.S. at 94.  Thus, the causes of actions are sufficiently identical.  Finally, the Court considers whether the parties to the earlier and later filed suits are sufficiently identical.  Comparing the suits, Plaintiff has sued substantially the same parties in the later filed cases as he did in those cases that were dismissed by this Court.  Accordingly, all three parts of the test are satisfied and res judicata precludes Plaintiff from relitigating the claims presented in the present five Complaints.

**Conclusion**

For the reasons stated, I recommend that each of the five "new" Complaints be DISMISSED with prejudice.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d  4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 16, 2009